# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROSHAUN REID,<br><br>Petitioner,<br><br>v.<br><br>S. LAKE,<br><br>Respondent. | Case No. 1:19-cv-00244-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Kenneth Roshaun Reid is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the instant petition, Petitioner challenges his conviction and sentence imposed by the United States District Court for the District of South Carolina. As this Court does not have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e), the undersigned recommends dismissal of the petition without prejudice to Petitioner filing any appropriate motion for sentence reduction in the sentencing court.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, serving a sentence imposed in 2005 by the United States District Court for the District of South Carolina for a drug conspiracy offense involving crack cocaine. (ECF No. 1 at 1–3).[1] On February 19, 2019, Petitioner filed the instant petition for writ of habeas corpus. (ECF

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

No. 1). Petitioner challenges his "crack cocaine sentence on count 1" pursuant to the First Step Act. (Id. at 1). Petitioner also asserts an actual innocence claim on the basis that guilt must be established by a jury's determination as to what drug quantity was attributable and reasonably foreseeable to the individual defendant in all conspiracy cases. (Id.).

## II.

## DISCUSSION

### A. Jurisdiction Under 28 U.S.C. § 2241

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Thus, a district court must address the threshold question whether a petition was properly brought under § 2241 or § 2255 in order to determine whether the district court has jurisdiction. Id. A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). With respect to the first requirement, in the Ninth Circuit a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

Regardless of how Petitioner labels his claim, Petitioner does not in fact demonstrate that he is factually innocent of a drug conspiracy offense. Rather, the crux of Petitioner's argument appears to be that he received an enhanced sentence that he would not have received had the jury made a specific drug quantity finding.[2] However, the Ninth Circuit has "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch." Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012).

Based on the foregoing, the Court finds that Petitioner has failed to establish a cognizable claim of actual innocence for purposes of qualifying to bring a § 2241 habeas petition under the savings clause of § 2255(e).

**B. First Step Act of 2018**

Petitioner also challenges his "crack cocaine sentence on count 1" pursuant to the First Step Act of 2018. (ECF No. 1 at 1). Section 404 of the First Step Act provides:

> A *court that imposed a sentence* for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the

---

[2] The Court notes, however, that on direct appeal the Fourth Circuit stated that Petitioner "did not receive a heightened sentence under § 841(b)(1)(A) or (b)(1)(B), but rather a 20-year sentence under § 841(b)(1)(C)," which does not require a specific drug quantity determination. United States v. Reid, 523 F.3d 310, 316 (4th Cir. 2008). See United States v. Sanchez-Cervantes, 282 F.3d 664, 669 (9th Cir. 2002), as amended (Mar. 15, 2002) ("If the jury convicted the defendant of a drug violation, even with no finding of a particular drug quantity, a sentence of twenty years or less would not violate Apprendi.").

> attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194 (2018) (emphasis added). However, whether section 404 of the First Step Act is applicable and entitles Petitioner to a reduced sentence is a question to be resolved by the court that imposed Petitioner's sentence rather than this Court.

### III.

### RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice to Petitioner filing any appropriate motion for sentence reduction in the sentencing court.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 1, 2019**              /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE